# TERRITORY *v.* LUM DIM, ALIAS LUM TIM.

## No. 1014.

EXCEPTIONS FROM CIRCUIT COURT, THIRD CIRCUIT.

HON. J. W. THOMPSON, JUDGE.

ARGUED MAY 29, 1917.                    DECIDED JUNE 23, 1917.

ROBERTSON, C.J., QUARLES AND COKE, JJ.

JURY—*qualifications.*

The jury is a body of men foresworn to declare the facts of the case as they are proved from the evidence placed before them, and this means that the jury must declare the facts upon all the evidence and be willing to weigh all the evidence irrespective of its source.

SAME—*same.*

In a criminal prosecution where the accused through his attorney relies upon the defense of insanity a jury is not impartial when one of its members has expressed on his examination a determination to give no weight to the evidence of the insanity of the defendant at the time of the commission of the crime unless such evidence be that of a physician.

SAME—*refusal to sustain challenges for proper cause.*

A refusal to sustain challenges for proper cause necessitating peremptory challenges on the part of the accused will be considered as prejudicial where the accused has been compelled subsequently to exhaust all his peremptory challenges before the final selection of the jury.

OPINION OF THE COURT BY COKE, J.

The defendant Lum Dim was indicted, tried and convicted before the circuit court of the third circuit charged with the crime of murder in the first degree which in this Territory carries the death penalty. The accused comes to

this court on exceptions. The only exceptions which merit consideration by this court have to do with the rulings of the trial court during the examination of jurors Kenji Saki and G. W. A. Hapai on their voir dire. The following is a part of the examination of juror Kenji Saki, and contains the matters complained of by defendant: "Q. Do you believe, in a case of this kind, in the plea of insanity? A. I believe by word of an experienced doctor. Q. Only through an experienced doctor? A. Yes sir. Q. You would not believe any other witness, layman? A. No, I think not." Counsel for defendant thereupon challenged the juror for cause, which challenge was disallowed by the court and the defendant, by his counsel, excepted to the court's ruling. Thereafter, and before the jury was finally selected, Mr. Ferry, counsel for the defendant, addressed the court in the following language: "Before the court takes a recess I would like to call the court's attention to the matter of the examination of the juror Kenji Saki and the court's ruling on my challenge for cause on the juror's statement that he would believe only the evidence of a physician on the question of insanity. I desire to renew my challenge and ask that I be allowed to reopen the examination of Saki and go into that question and have the court rule upon it inasmuch as the court has already ruled in the case of other jurors and sustained my challenge upon the same ground." The court disallowed this request and defendant, by his counsel, excepted.

Upon his voir dire the following question was propounded to juror G. W. A. Hapai by defendant's counsel: "Q. If there be no testimony given by a doctor relative to the insanity or sanity of the defendant, but only given by laymen, will you give any weight to that testimony of the laymen in favor of the defendant? A. I don't think so." Whereupon the defendant's counsel challenged the juror

for cause and the court held the juror competent. To this ruling counsel for defendant excepted.

The defendant is charged with having shot and killed one Kim Hing at Pahala, district of Kau, Territory and County of Hawaii, on or about the 15th day of October, 1916. So far as the record discloses the prosecution assigned no motive for the crime. The accused and the deceased were both Chinese and had partaken of a meal, together with other Chinese, at a restaurant at Pahala on a Sunday afternoon. The accused had retired to his room where he had spent some time smoking a pipe. He then went from his room upon the verandah of the building, took from his pocket a loaded revolver and shot the deceased twice in the back, and as the deceased lay dying on the ground the accused shot him several times more. The accused then walked away and was within a very short time apprehended by a police officer. The accused at that time, and later on as a witness in his own behalf, gave as a reason for his act his belief that the deceased had on various occasions put poison in his food, which had caused him to become sick and enfeebled; that he had frequently remonstrated with the deceased but deceased had failed to desist or to pay attention to him and for that reason the crime was committed. All of which, it is claimed by counsel for the defense, was a mere hallucination on the part of the accused.

Counsel for the accused indicated by his questions to the jury that he intended to set up the defense of insanity in behalf of defendant. This intention on the part of counsel was stated in open court before the jury was finally accepted. Counsel for the accused exhausted all of his twelve peremptory challenges, but jurors Kenji Saki and G. W. A. Hapai were retained on the jury over the objections and challenges for cause interposed by counsel for the defendant. The sole defense relied on by counsel for defendant

was that of the alleged insanity of the accused at the time of the commission of the crime, and while there was no evidence of a physician introduced touching this question by either the prosecution or the defense the defense did produce several non-professional witnesses, who were neighbors and acquaintances of the accused, and who gave testimony of certain facts and circumstances which tended, at least to some extent, to show that the defendant was of unsound mind.

It undoubtedly follows that a juror in the frame of mind of juror Kenji Saki, as stated by him in his examination, would necessarily give no weight to the testimony of these witnesses. If all the other jurors who tried the case had been of the same opinion as juror Kenji Saki the accused, by his counsel, might have made out a most perfect defense, based upon a plea of the insanity, by testimony of non-professional witnesses, and yet the same would have been of no avail.     The law allows an accused the defense of insanity and there is no law that requires that this insanity shall be established by the testimony of physicians or by the testimony of any other class of professional or non-professional witnesses, and a juror who is unwilling to give weight to testimony given upon this subject by those other than physicians, is not a competent juror.   A jury has been defined as a body of men foresworn to declare the facts of the case as they are proved from the evidence placed before them, and this means that the jury must declare the facts upon all of the evidence and be willing to weigh all the evidence, irrespective of its source. The defendant in this case was tried under a constitutional guarantee that he would be tried by an impartial jury.

"It is a fundamental rule that a juror should be thoroughly impartial between the parties; and in criminal trials especially great care should be exercised to preserve

to the accused his constitutional right to an impartial jury and a fair trial, it being the rule in such cases that the court should resolve all doubts as to the competency of the juror in favor of the defendant." 16 R. C. L. 261.

A jury is not impartial when one of its members has expressed on his examination a determination to give no weight to the evidence of the insanity of the defendant at the time of the commission of the crime unless such evidence be that of a physician. There can be no doubt that by the rulings of the court below at the trial of this case the accused was deprived of a constitutional right, to wit, the right to a trial by an impartial jury.

"A refusal to sustain challenges for proper cause, necessitating peremptory challenges on the part of the accused, will be considered on appeal as prejudicial, where the accused has been compelled subsequently to exhaust all his peremptory challenges before the final selection of the jury." *State* v. *Stentz,* 63 L. R. A. 807.

The exceptions are sustained and the cause is remanded to the circuit court for a new trial.

*W. H. Beers,* County Attorney of Hawaii (*S. S. Rolph,* Deputy County Attorney of Hawaii, with him on the brief), for the Territory.

*J. S. Ferry* for defendant.